UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| TURIYAN M. GOLD, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 24-3296 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 9, 10 |
| | : | | |
| GLOBAL AEROSPACE UNDERWRITING MANAGERS, LTD., | : | | |
| | : | | |
| Defendant. | : | | |

### MEMORANDUM OPINION

GRANTING DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

Plaintiff Turiyan M. Gold filed this lawsuit against Defendant Global Aerospace Underwriting Managers, Ltd. ("Global"), alleging a conspiracy under the Racketeer Influenced and Corrupt Organizations Act ("RICO") related to his interrupted travel on Air Canada in 2003. Global moves to dismiss the complaint as patently insubstantial, for lack of personal jurisdiction, for failure to state a claim, and for insufficient service of process. The Court determines that it lacks personal jurisdiction over Global, and that the case must therefore be dismissed.

### II. FACTUAL BACKGROUND

On November 8, 2024, Gold filed this lawsuit against Global. *See* Compl., ECF No. 1. Gold lives in Seattle, Washington, while Global is located in the United Kingdom. *See id.* at 1. Gold appears to sue Global in its role as "[u]nderwriter" for Air Canada. *Id.* His complaint, however, is largely unintelligible. He lists various Air Canada aircraft, *see id.* at 1–13, and appears to claim that the case represents a "Federal Civil RICO (FCR) suit at Admiralty to facilitate the remedial purposes as a Quasi IN REM action to attach the property to get to the

object of the suit." *Id.* at 14.  Gold additionally discusses "the Northeast Blackout of 2003," which he claims was "Canada's fault." *Id.* at 16 (internal quotation marks omitted).  Gold seeks around $3.2 billion from Global. *See id.* at 30.

Gold also attaches documents from other civil cases he has filed.  One notice from a court in Quebec, Canada, rejected Gold's "action titled 'Admiralty Action in Rem'" for failure to meet that court's pleading standards. *See* Ex. H to Compl. at 33, ECF No. 1-1.[1]  He additionally includes a redacted version of a complaint he filed in the Middle District of Florida in 2012, where he sued various entities of the Canadian government. *See* Ex. G. to Compl. at 12, ECF No. 1-1.  The Court takes judicial notice of the unredacted complaint in that case. *See* Ex. 1 to Def.'s Request for Judicial Notice, ECF No. 10-1; *see also* Compl., *Gold v. Harper*, No. 8:12-cv-2089 (M.D. Fla. Sep. 14, 2012), ECF No. 1.[2]  In that case, Gold sued the defendants for "unethical business practices concerning ticket sales, the infrastructure issues of Canada, and the broad scope of the conspiracy to hide problems with the airline, the airports in which the airlines operate and the infrastructure issues of Canada as a whole which [a]ffected the function of its public and private enterprises." *Id.* ¶ 2.  That lawsuit revolved around a ticket Gold purchased in 2003 to fly from Tampa International Airport to Hong Kong International Airport. *Id.* ¶ 4.  Gold was apparently unable to travel because a blackout affected electronic systems at the airport in

---

[1] The Court refers here to the page numbers generated by CM/ECF.

[2] "[C]ourts are permitted to take judicial notice of the dockets in other judicial proceedings." *Amobi v. Brown*, 317 F. Supp. 3d 29, 35–36 (D.D.C. 2018) (citing *Rogers v. District of Columbia*, 880 F.Supp. 2d 163, 166 (D.D.C. 2012)).  The Court therefore grants Global's motion to take judicial notice.

Toronto, Canada. *See id.* ¶¶ 5–9, 47. The lawsuit before this Court appears to claim the same basic grievances as the prior lawsuit in the Middle District of Florida.[3]

Global moves to dismiss, arguing that the court lacks subject matter jurisdiction over Gold's claims because they are patently insubstantial, that Gold fails to state a claim, that the Court lacks personal jurisdiction over Global, and that service of process was insufficient. *See* Def.'s Mot. Dismiss, ECF No. 9. Gold responds that the court's jurisdiction in admiralty "extends to all time and space." Pl.'s Resp. to Def.'s Mot. Dismiss at 1, ECF No. 12. Gold does not directly respond to any of Global's legal arguments. Gold submitted three additional filings that lack any further substantive argument as to why this Court has personal jurisdiction over Global, how RICO might apply to this fact pattern, or whether Gold properly served the company. *See* ECF No. 15; ECF No. 16; ECF No. 17.

### III.  LEGAL STANDARD

#### A. *Pro Se* Plaintiff

The pleading of a *pro se* party is interpreted liberally and is held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted). However, even *pro se* parties must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) ("[I]f plaintiff is asserting a claim for constitutional violations he should do so with the requisite specificity, so as to give defendants notice, plead the involvement of each defendant and clarify what constitutional right has been violated."). A *pro se* complaint must contain "(1) a short and plain statement of the grounds for

---

[3] The lawsuit in the Middle District of Florida was dismissed because the complaint did not "adequately specify any cognizable wrongdoing by the defendants." Report and Recommendation, *Gold v. Harper*, No. 8:12-cv-2089 (M.D. Fla. Oct. 4, 2012), ECF No. 5.

the court's jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *Johnson v. Cookson*, No. 23-cv-01164, 2023 WL 3433968, at *1 (D.D.C. May 9, 2023) ("When a 'complaint contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments,' it does not fulfill the requirements of Rule 8." (cleaned up) (quoting *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017))); *see also Utterback v. Geithner*, 754 F. Supp. 2d 52, 54–55 (D.D.C. 2010) (finding that *pro se* plaintiffs failed to "present a claim on which the court can grant relief" because the complaint contains "disjointed, mostly incoherent, allegations." (internal quotation marks omitted) (quoting *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002))).

### B. Rule 12(b)(2)

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the "burden of establishing a factual basis for the exercise of personal jurisdiction over [each] defendant." *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990); Fed. R. Civ. P. 12(b)(2); *see also Livnat v. Palestinian Auth.*, 851 F.3d 45, 56–57 (D.C. Cir. 2017) (noting that plaintiffs must "make a prima facie showing of the pertinent jurisdictional facts") (citation omitted). The Court resolves factual disputes in plaintiffs' favor "[w]hen deciding personal jurisdiction without an evidentiary hearing," but the Court "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts." *Livnat*, 851 F.3d at 57 (citations and internal quotation marks omitted). Plaintiffs must establish that the Court has personal jurisdiction either through general jurisdiction or specific jurisdiction. *Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883, 888–89 (D.C. Cir. 2021). General jurisdiction "permits a court to assert

jurisdiction over a defendant based on a forum connection unrelated to the underlying suit." *Id*. at 889 (internal quotation marks and citations omitted). Specific jurisdiction is narrower and "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id*. at 888 (internal quotation marks, brackets, and citation omitted). The Court's exercise of specific jurisdiction must satisfy the Due Process Clause of the U.S. Constitution and the District of Columbia's long-arm statute. *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Accordingly, "a plaintiff must show 'minimum contacts' between the defendant and the forum establishing that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

## IV. ANALYSIS

Global moves to dismiss because this Court lacks personal jurisdiction over the company. *See* Def.'s Mot. Dismiss at 8–10. Gold does not respond to this argument in his filings. *See* Pl.'s Resp. to Def.'s Mot. Dismiss, ECF No. 12; *see also* ECF No. 15; ECF No. 16; ECF No. 17. The Court agrees that it lacks personal jurisdiction over Global, as Gold's claims do not arise from any activity the U.K. company may have engaged in within the District of Columbia. Because the Court determines that it lacks personal jurisdiction, it does not reach Global's arguments that the Court lacks subject matter jurisdiction over Gold's claims, that he has failed to state a claim, or that he failed to properly effect service.

### A. General Jurisdiction

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Erwin-Simpson*, 985 F.3d at 888 (quoting *Daimler AG v. Bauman*, 571 U.S. 117,

125 (2014). A "federal district court's personal jurisdiction over the defendant is coextensive with that of a District of Columbia court." *Helmer v. Doletskaya*, 393 F.3d 201, 205 (D.C. Cir. 2004). A "District of Columbia court may exercise personal jurisdiction over" an entity "organized under the laws of, or maintaining . . . its principal place of business in, the District of Columbia as to any claim for relief." D.C. Code § 13-422. Such general or all-purpose jurisdiction "'sets a high bar,' requiring that the defendant[s']" "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Brit UW, Limited v. Manhattan Beachwear, LLC*, 235 F. Supp. 3d 48, 54, 60 (D.D.C. 2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (other citations and internal quotation marks omitted)). "Only a select 'set of affiliations with a forum' will expose a defendant to such sweeping jurisdiction." *Ford Motor Company v. Montana Eighth Judicial District Court*, 592 U.S. 351, 358 (2021) (quoting *Daimler*, 571 U.S. at 137). "Corporate defendants are paradigmatically 'at home' at either their place of incorporation or principal place of business." *Brit UW, Limited*, 235 F. Supp. 3d at 60 (citing *Daimler*, 571 U.S. at 127).

Gold does not allege any facts indicating that Global has "continuous and systematic" contacts with the District of Columbia such that Global is "essentially at home" here. *Goodyear*, 564 U.S. at 919 (citation and internal quotation marks omitted). Global asserts that it is "a United Kingdom corporation with its principal place of business in London, England." Def.'s Mem. in Supp. of Mot. Dismiss at 10, ECF No. 9-1. Gold's complaint states that Global is located in the United Kingdom, *see* Compl. at 1, and he claims to have served the company at its headquarters in the United Kingdom, as well as at addresses in New Jersey, Illinois, Kansas, Texas, and California, *see* Certificate of Service at 1, ECF No. 6. Gold additionally does not

6

respond to Global's assertions that this Court lacks general jurisdiction over the company. *See* Pl.'s Resp. to Def.'s Mot. Dismiss. Because Global is neither incorporated in the District of Columbia nor maintains its principal place of business here, Gold has failed to establish that this Court maintains general jurisdiction over the company.

### B. Specific Jurisdiction

For specific jurisdiction, the relationship between the defendant, the forum, and the litigation "is the essential foundation of [personal] jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (citation omitted). The District of Columbia's long-arm statute law is expansive, and "coextensive with the [D]ue [P]rocess [C]lause" with respect to defendants transacting business in the District of Columbia. *See Helmer v. Doletskaya*, 393 F.3d 201, 205 (D.C. Cir. 2004) (citations omitted); *see also* D.C. Code § 13-423(a)(1) (2023) (permitting a court to "exercise personal jurisdiction over a person" when "a claim for relief aris[es] from the person's . . . transacting any business in the District of Columbia"). To determine whether specific jurisdiction over a defendant exists, the Court looks to whether "there [is] some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citation omitted). Due process is satisfied if the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice,'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)), and that the defendant "should reasonably anticipate being haled into court" in the forum, *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Across his filings, Gold alleges no activity—by any party—that occurred within the District of Columbia. He instead complains of "injuries allegedly caused in Canada by Canadian entities or individuals, including one Canadian entity Mr. Gold believes Global may have insured." Def.'s Mot. Dismiss at 10. Gold alleges that in 2003 he traveled from Florida to Toronto while en route to Hong Kong. Ex. 1 to Def.'s Request for Judicial Notice ¶¶ 4, 47, ECF No. 10-1. Gold appears to have resided in Florida when he filed his previous lawsuit in 2012, and he currently resides in the state of Washington. *See* Ex. 1 to Def.'s Request for Judicial Notice, ECF No. 10-1; Compl. Gold's claim for relief therefore does not "aris[e]" from Global's acts in the District of Columbia, including "transacting any business," "contracting to supply services," "causing tortious injury," "having an interest in, using, or possessing real property," or "contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement." *See* D.C. Code § 13-423(a)(1)–(6). Gold does not respond to Global's argument that the Court lacks specific jurisdiction over it. The Court therefore concludes that Gold has also failed to establish that this Court maintains specific jurisdiction over the company. Because the Court can assert neither general nor specific jurisdiction over Global, the Court must dismiss Gold's claims for lack of personal jurisdiction under Rule 12(b)(2).

## V. CONCLUSION

For the foregoing reasons, Global's Motion to Dismiss and Motion to Take Judicial Notice are **GRANTED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: June 3, 2025                                                                      RUDOLPH CONTRERAS
                                                                                         United States District Judge